United States District Court
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 18-20436-CR-Scola ) ) |
| Raiza del Carmen De Leon, Defendant. | ) ) |

### Order on Motion for Compassionate Release

This matter is before the Court upon Defendant Raiza del Carmen De Leon's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Court **denies** De Leon's motion (**ECF No. 129**).

De Leon pleaded guilty to one count of conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349. (ECF No. 103.) On March 4, 2019, De Leon was sentenced to 42-months imprisonment, followed by three years supervised release. De Leon has served approximately 24 months of her 42-month sentence. In total, the Court finds that release pursuant to 18 U.S.C. § 3582(c)(1)(A) is not appropriate, for the reasons provided below.

As an initial matter, De Leon did not exhaust her administrative remedies prior to filing this motion. Under Section 3582(c)(1)(A), a prisoner must exhaust all remedies with the Bureau of Prisons before moving for compassionate release. In particular, a defendant may only file for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, De Leon does not allege that she filed a request for compassionate release with the warden at her facility or otherwise appealed the Bureau of Prisons' failure to file a motion on her behalf. As De Leon did not exhaust her administrative remedies as required, the Court cannot grant the motion. *See United States v. Zamor*, 460 F. Supp. 3d 1314, 1316 (S.D. Fla. 2020) (Scola, J.) ("Because [defendant] has not waited 30 days after submitting a request with the warden and has not exhausted his administrative rights, it is improper for the Court to grant this motion."); *United States v. Alvarez*, No. 19-cr-20343, 2020 WL 2572519, at *5 (S.D. Fla. May 21, 2020) (Bloom, J.) ("This failure to exhaust BOP remedies—or to even submit a request—alone is a sufficient basis to deny the Motion.").

In any event, the Defendant's motion also fails as De Leon has not established that "extraordinary and compelling reasons" support her release. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, to qualify for compassionate release, the Court must find that extraordinary and compelling reasons warrant De Leon's release, that she is not a danger to the community, and that the § 3553(a) factors support release.

The only basis that De Leon offers in support for compassionate release is that she contracted Covid-19 and is scared about the possibility of contracting it again. (ECF No. 129 at 1–2.) However, De Leon was placed in quarantine with little-to-no symptoms for approximately ten days, and De Leon has not stated that she has any ongoing symptoms or complications. (*See* ECF No. 132-3 at 1–9.) Fear of contracting Covid-19 again, after a previous infection with little-to-no symptoms, does not establish "extraordinary and compelling" circumstances in support of compassionate release. *See United States v. McCallum*, 14-cr-476-12, 2020 WL 7647198, at *1 (S.D.N.Y. Dec. 23, 2020) ("Now that [defendant] has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense.").

The Court notes that De Leon's fears of contracting Covid-19 again may be based on her underlying health conditions, which were the subject of the Defendant's earlier motion for compassionate release. (ECF No. 110.) However, the Court denied that earlier motion and held that the Defendant's underlying health conditions did not warrant compassionate release. (ECF No. 116.) This judgment was affirmed on appeal. (ECF No. 128.) De Leon does not argue that her condition has worsened since her last motion, and, importantly, De Leon refused vaccination following her last motion. (*See* ECF No. 132-3 at 89.) As courts have widely held, an inmate's refusal to get a Covid-19 vaccination "negates a claim that the inmate's risk of serious illness from COVID-19 is an extraordinary and compelling reason for early release." *See United States v. Kurbatov*, 18-cr-20172, 2021 WL 1923289, at *3 (S.D. Fla. May 13, 2021) (Gayles, J.) (collecting cases).

In total, the Court finds that the Defendant has not exhausted her administrative remedies as required and has not established "extraordinary and compelling reasons" in support of compassionate release. Therefore, the Court **denies** De Leon's motion for compassionate release. (**ECF No. 129**.)

**Done and ordered** at Miami, Florida, on January 24, 2022.

Robert N. Scola, Jr.
United States District Judge